AMERICAN IMPORT CO. *v.* UNITED STATES (No. 4052) [1]

[1] T. D. 49337.

United States Court of Customs and Patent Appeals, December 23,
1937

*Lawrence & Tuttle* (*Frank L. Lawrence* and *Charles F. Lawrence* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Richard H. Welsh*, special attorney, of counsel), for the United States.

*Pickrell & McDonald* (*Eugene R. Pickrell* of counsel) *amicus curiae.*

[Oral argument December 9, 1937, by Mr. Frank L. Lawrence, Mr. Welsh, and Mr. Eugene R. Pickrell]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

Certain merchandise, consisting of lawn rakes in part of bamboo and in part of metal, entered at the port of Los Angeles in December 1930, was classified by the collector under the provisions of paragraph 409 of the Tariff Act of 1930 and assessed with duty at the rate of 45 per centum ad valorem. The appellant protested such classification, claiming, among other things, that said merchandise was dutiable at 30 per centum ad valorem under the provisions of paragraph 373 of said act. Other claims were made in the protest, but the only claim urged before us is that for classification under said paragraph 373.

The United States Customs Court, First Division, overruled said protest and entered judgment accordingly. From this judgment appellant has taken this appeal.

It is conceded that the rakes in question are in part of metal, but in chief value of bamboo.

The competing paragraphs of the tariff act, so far as here pertinent, read as follows:

PAR. 409. * * * all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow, 45 per centum ad valorem.

PAR. 373. Shovels, spades, scoops, forks, hoes, rakes, scythes, sickles, grass hooks, corn knives, and drainage tools, and parts thereof, composed wholly or in chief value of metal, whether partly or wholly manufactured, 30 per centum ad valorem.

The question presented by this appeal relates to the significance to be attached to the words in paragraph 373 reading "composed wholly or in chief value of metal." It is the Government's contention that a reasonable construction of paragraph 373 leaves no doubt that said clause "was intended to and does apply equally to all dutiable articles mentioned in the paragraph," as stated in its brief, and further that the legislative history of said paragraph demonstrates that "Congress,

in enacting paragraph 373, *supra*, intended it to cover the enumerated articles when composed wholly or in chief value of metal only"; and that, since the rakes here involved are concededly in chief value of bamboo, they are not classifiable under said paragraph 373.

Appellant in its brief, on the other hand, states as follows:

This paragraph [paragraph 373] contains the expression "composed wholly or in chief value of metal," the scope of which is the sole point now before the court. Appellant contends that the clause does not modify the word "rakes," but limits only the words "parts thereof," and that bamboo rakes are therefore included within the paragraph.

In support of this contention appellant invokes the rule of grammatical construction that a qualifying clause modifies only its immediate antecedent. This is a rule of legal construction applicable, however, where no contrary intention appears.

Such contrary intention may appear from the context of the legislative provision, or such context may create an ambiguity so as to make it proper to resort to the legislative history of the provision under consideration to aid in determining the intent of the legislature in its enactment. Also, a rule of construction indicating an intent of the legislature must yield if a contrary intent is otherwise established. The foregoing rules are so elementary that it is not necessary to cite authority in support of them.

In the first place, we would observe that paragraph 373 appears in the metal schedule. This, although not controlling, is some indication that Congress intended that all articles specified therein should be composed in chief value of metal, unless a contrary intention appears. *Veith* v. *United States*, 10 Ct. Cust. Appls. 201, T. D. 38554.

We next come to a consideration of the provisions of paragraph 373. Under appellant's theory, parts of the articles named therein must be in chief value of metal, if such parts are imported separately, to be classified under said paragraph, but the entire article need not be composed in any degree of metal. No possible reason can be conceived why Congress should require that if parts of rakes in chief value of metal were imported, they must be classified under paragraph 373, but if the complete rakes are imported, such complete rakes need not be in chief value of metal to find classification under said paragraph.

Furthermore, if the phrase "composed wholly or in chief value of metal" relates only to "parts thereof," the same must be true with respect to the phrase "whether partly or wholly manufactured," and indeed appellant so contends. Under this construction the blade of a shovel, said blade being only partly manufactured and imported separately from the handle, would be classified under paragraph 373, but if a handle was attached to the unfinished blade and so imported,

it could not be classified under said paragraph at all. Such anomalies should be avoided if the language used will reasonably permit. *United States* v. *Sheep Shearers Mdse. & Comm. Co.*, 23 C. C. P. A. (Customs) 146, T. D. 48009; *United States* v. *J. M. Lehman Co., Inc.*, 22 C. C. P. A. (Customs) 106, T. D. 47081.

By so construing the paragraph that the words "composed wholly or in chief value of metal" relate to each article named therein, no anomaly is created, but a reasonable, harmonious result follows in accordance with what must have been the legislative intent.

The legislative history of the paragraph supports this conclusion. Paragraph 373 of the Tariff Act of 1922 read as follows:

PAR. 373. Shovels, spades, scoops, scythes, sickles, grass hooks, corn knives, and drainage tools, and parts thereof, composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, aluminum, or other metal, whether partly or wholly manufactured, 30 per centum ad valorem.

In the Summary of Tariff Information 1929, at page 845, the following statement is made with reference to the paragraph above quoted:

*Description and uses.*—Shovels, spades, scoops, and drainage tools require no description. Only hand tools in chief value of metal are included in paragraph 373.

It will be observed that the same articles are specified in paragraph 373 of the Tariff Act of 1930 as were specified in paragraph 373 of the Tariff Act of 1922, and in addition the words "forks, hoes, rakes" were inserted between the words "scoops" and "scythes."

It appears that when the Ways and Means Committee of the House of Representatives held hearings on the tariff bill which later became the Tariff Act of 1930, a brief was presented to the committee, the first paragraph of which reads as follows:

* * * I am writing as the appointed representative of the manufacturers of forks, hoes, rakes and hooks in the United States—an industry that in trade circles is known as the "Steel goods" industry.

It appears from said brief that it was suggested that paragraph 373 of the Tariff·Act of 1922 be amended so as to include forks, hoes, and rakes.

The bill as reported to the House contained paragraph 373 in the exact form in which it now appears in the act of 1930, thus indicating that it was the intention of Congress to include in paragraph 373 only such forks, hoes, and rakes as were composed wholly or in chief value of metal.

It is unnecessary for us to hold that the legislative history of this paragraph before Congress would, if standing alone, be controlling, but we regard it as a circumstance supporting the construction given the paragraph by the trial court and by us.

Finally, we think it proper to observe that, under appellant's theory, farmers' hand rakes with wooden teeth, now free as agricultural

implements, would find classification under paragraph 373, together with wooden snow shovels and wooden scoops containing, perhaps, no metal whatever. It seems obvious that this could not have been the intention of Congress, and yet this result would necessarily follow should appellant's contention be sustained.

We find no error in the decision of the United States Customs Court, and the judgment appealed from is *affirmed*.

GARRETT, Presiding Judge, concurs in the conclusion.